FILED
Charlotte, NC

JAN 2 3 2025

Clerk, US District Court
Western District NC

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | DOCKET NO. 5:25-cr-1-KDB |
| ) | **BILL OF INDICTMENT** |
| v. ) | Violations: |
| ) | 18 U.S.C. § 1344 |
| WILLIAM JOSEPH CERAVONE JR. ) | 18 U.S.C. § 1028A |
| | 18 U.S.C. § 2 |

**THE GRAND JURY CHARGES:**

At the specified times and at all relevant times:

### INTRODUCTION

1. In or around May 2024, the defendant, WILLIAM JOSEPH CERAVONE JR. ("CERAVONE") engaged in an identity theft scheme in which he impersonated victims at financial institutions, including Truist Bank, located in the Western District of North Carolina and elsewhere in order to withdraw funds from the victims' bank accounts. As part of the scheme, CERAVONE obtained and used the victims' personal identifying information ("PII") and presented fictitious forms of identification in the victims' names to the financial institutions.

### BACKGROUND

2. CERAVONE was a resident of Tampa, Florida.

3. Truist Bank was a financial institution, the deposits of which were insured by the Federal Deposit Insurance Corporation.

### THE IDENTITY THEFT SCHEME

4. CERAVONE operated an identity theft scheme to obtain money under the custody and control of financial institutions through false and fraudulent pretenses and representations.

5. As part of the identity theft scheme, CERAVONE generally operated as follows:

    a. CERAVONE would obtain the names and PII of victims with pre-existing bank accounts at financial institutions.

    b. CERAVONE would obtain fictitious forms of identification in the names of the victims to present to the financial institutions.

1

c. CERAVONE would enter financial institutions and impersonate the victims by presenting the fictitious forms of identification in the names of the victims and other PII.

d. CERAVONE would request the withdrawal of cash from the victims' bank accounts.

6. For example, on or about May 21, 2024, CERAVONE impersonated Victim M.K. at two different Truist Bank branches in Hickory, North Carolina. CERAVONE impersonated Victim M.K. by presenting a fictitious identification in the name of Victim M.K. CERAVONE obtained cash withdrawals from Victim M.K.'s bank account in the approximate amount of $12,100.00.

7. On or about May 22, 2024, CERAVONE impersonated Victim R.J. at a Truist Bank branch in Lincolnton, North Carolina. CERAVONE impersonated Victim R.J. by presenting a fictitious identification in the name of Victim R.J. CERAVONE obtained cash withdrawals from Victim R.J.'s bank account in the approximate amount of $14,000.00.

## COUNTS ONE THROUGH TWO
### 18 U.S.C. § 1344(2)
### (Bank Fraud)

8. Paragraphs 1 through 7 of this Bill of Indictment are re-alleged and incorporated herein by reference as though fully set forth herein.

9. On or about the dates set forth below, each occurrence constituting a separate Count, in Catawba County and Lincoln County, within the Western District of North Carolina, the defendant,

### WILLIAM JOSEPH CERAVONE JR.

aided and abetted by others known and unknown to the Grand Jury, did knowingly and unlawfully execute and attempt to execute a scheme and artifice to obtain monies, funds, credits, assets, and other property owned by and under custody and control of Truist Bank, the deposits of which were insured by the Federal Deposit Insurance Corporation, by means of materially false and fraudulent pretenses, representations, and promises:

| COUNT | Approximate Date | Location | Approximate Total Withdrawal Amount |
|---|---|---|---|
| ONE | May 21, 2024 | Hickory, North Carolina | $12,100.00 |
| TWO | May 22, 2024 | Lincolnton, North Carolina | $14,000.00 |

All in violation of Title 18, United States Code, Section 1344(2) and 2.

2

## COUNTS THREE THROUGH FOUR
## 18 U.S.C. § 1028A
### (Aggravated Identity Theft)

10. Paragraphs 1 through 7 of this Bill of Indictment are re-alleged and incorporated herein by reference as though fully set forth herein.

11. On or about the dates set forth below, each occurrence constituting a separate Count, in Catawba County and Lincoln County, within the Western District of North Carolina, the defendant,

## WILLIAM JOSEPH CERAVONE JR.

aided and abetted by others known and unknown to the Grand Jury, did knowingly transfer, possess, and use, and attempt to transfer, possess, and use, without lawful authority, a means of identification of another person, to wit, the names and PII of the victims listed in each of Counts Three through Four below, during and in relation to felony violations of Title 18, United States Code, Section 1344, knowing that the means of identification belonged to another actual person, as described in the chart below:

| COUNT | Approximate Date | Victim | Location |
|---|---|---|---|
| THREE | May 21, 2024 | M.K. | Hickory, North Carolina |
| FOUR | May 22, 2024 | R.J. | Lincolnton, North Carolina |

All in violation of Title 18, United States Code, Sections 1028A(a)(1) and 2.

3

## NOTICE OF FORFEITURE AND FINDING OF PROBABLE CAUSE

Notice is hereby given of 18 U.S.C. § 982 and 28 U.S.C. § 2461(c). Under Section 2461(c), criminal forfeiture is applicable to any offenses for which forfeiture is authorized by any other statute, including but not limited to 18 U.S.C. § 981 and all specified unlawful activities listed or referenced in 18 U.S.C. § 1956(c)(7), which are incorporated as to proceeds by Section 981(a)(1)(C). The following property is subject to forfeiture in accordance with Section 982 and/or 2461(c):

a. All property which constitutes or is derived from proceeds of the offenses set forth in Counts One and Two set forth in this Bill of Indictment;

b. If, as set forth in 21 U.S.C. § 853(p), any property described in (a) cannot be located upon the exercise of due diligence, has been transferred or sold to, or deposited with, a third party, has been placed beyond the jurisdiction of the court, has been substantially diminished in value, or has been commingled with other property which cannot be divided without difficulty, all other property of the defendant/s to the extent of the value of the property described in (a).

The Grand Jury finds probable cause that the following property is subject to forfeiture on one or more of the grounds set forth above: a forfeiture money judgment in the amount of at least $26,100.00, such amount constituting the proceeds of the offenses set forth herein.

A TRUE BILL:

_____
FOREPERSON

DENA J. KING
UNITED STATES ATTORNEY

_____
ERIC A. FRICK
SPECIAL ASSISTANT UNITED STATES ATTORNEY

4